46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James RICE, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-2046.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 22, 1994.
Filed: Jan. 13, 1995.
 
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Rice appeals from the final order entered in the District Court for the Western District of Arkansas, affirming the decision of the Secretary of Health and Human Services to deny Rice's application for disability insurance benefits (DIB) and supplemental security income (SSI). For the reasons stated below, we affirm in part, reverse in part and remand with directions. Rice, who was born March 28, 1945, and worked as a front-end loader operator, sporadically as a tree farmer, a corrections officer, and a truck driver, filed an application for DIB and SSI benefits on August 1, 1990, alleging disability since December 31, 1983, due to chronic obstructive lung disease and nerve damage to his right leg. Rice's insured status expired on March 31, 1988. His application was denied initially and upon reconsideration.
 
 
 2
 Following an April 1991 hearing before an Administrative Law Judge (ALJ), at which Rice and his wife testified about Rice's pre- March 1988 condition, and a vocational expert testified, the ALJ concluded Rice retained the residual functional capacity to perform his past relevant work as a corrections officer and truck driver.
 
 
 3
 The ALJ analyzed Rice's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1964) (subsequent history omitted), finding that Rice engaged in a broad range of daily activities; that the duration, frequency, and intensity of pain was not credible in light of his improving lung problem and his work following a gunshot wound to his leg; that his allegations that his pain was brought on by any activity was inconsistent with his admitted broad range of daily activities; and that his failure to discuss his medication indicated the pain must not be disabling. Analyzing Rice's exertional limitations, the ALJ noted that Rice had worked for over twenty years with the discomfort from his gunshot wound, and that, as a corrections officer, Rice walked four hours out of an eight-hour day without apparent difficulty. In addition, his chronic obstructive lung disease appeared to be mild and improving, as reflected by improvement in his 1988 pulmonary test results over his 1986 pulmonary test results. The ALJ found that Rice's testimony concerning his functional restrictions was not entirely credible, and concluded there was no other evidence presented which would indicate Rice could not perform his past relevant work. Thus, the ALJ denied Rice both DIB and SSI benefits. The Appeals Council denied further review, and Rice sought judicial review. The district court concluded there was substantial evidence to support the Secretary's decision.
 
 
 4
 This court's "task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole." McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993). As to DIB, we agree that the Secretary's decision is supported by substantial evidence. Although Rice bears the burden of showing he cannot perform his past relevant work, see Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986) (per curiam), "the ALJ has a duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant ... is capable of doing...." Nimick v. Secretary of Health & Human Servs., 887 F.2d 864, 866 (8th Cir. 1989) (emphasis omitted). The ALJ satisfied this obligation by obtaining the testimony of a vocational expert. Taking into account the ALJ's credibility determinations, the ALJ's findings relating to Rice's residual functional capacity are consistent with the physical requirements of the corrections officer position.
 
 
 5
 Although the "hypothetical" the ALJ posed to the vocational expert for purposes of determining whether Rice could meet the physical demands of his past relevant work could have been more detailed, we conclude that, on the facts of this case, the hypothetical nonetheless was sufficient. See Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990) (hypothetical need only include those impairments accepted as true by ALJ).
 
 
 6
 Rice argues that the ALJ failed to give sufficient weight to his treating physician's conclusion that Rice was unable to "sustain the physical activity required to hold down a full time job." While the opinion of a treating physician is entitled to great weight, Gude v. Sullivan, 956 F.2d 791, 793 (8th Cir. 1992), "a physician's conclusory statement of disability without supporting evidence does not overcome substantial medical evidence supporting the Secretary's decision." Loving v. Department of Health & Human Servs., 16 F.3d 967, 971 (8th Cir. 1994). The medical evidence presented did not support the treating physician's conclusory opinion, and the ALJ properly discounted it. In addition, Rice's improved pulmonary test scores provide contrary medical evidence. Thus, the ALJ was not bound to consider the treating physician's conclusory statement as substantial evidence.
 
 
 7
 Finally, Rice argues that the ALJ drew negative inferences on almost every point. We conclude that the ALJ properly evaluated and discredited Rice's subjective complaints, analyzing each of the Polaski factors, and that the ALJ's DIB determination is supported by substantial evidence.
 
 
 8
 With regard to the denial of SSI benefits, the ALJ was not bound to consider Rice's condition as of the date of his insured status. See 20 C.F.R. Sec. 416.202. Rather, the ALJ should have considered evidence of Rice's condition as of August 1, 1990, the date Rice filed his application for SSI benefits. Id. Sec. 416.330. Neither Rice's counsel nor the ALJ elicited testimony from the witnesses as to Rice's post-March 1988 condition. See Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993) (ALJ has duty to properly develop the record). Because Rice would be precluded from reapplying for SSI benefits for the period between August 1, 1990 (Rice's SSI application filing date), and October 1991 (the date of the ALJ's decision), see Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (res judicata precludes claimant who applies for SSI benefits after an earlier denial from arguing disability during period covered by earlier application), we remand Rice's SSI claim to the district court with instructions to remand to the Secretary for further proceedings in accordance with this opinion.
 
 
 9
 Accordingly, we affirm in part, reverse in part and remand with directions.