52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Gerry R. WHITTET, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-2681ND
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 12, 1995
Filed: Apr. 25, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gerry R. Whittet appeals the district court's judgment affirming the Secretary's decision to deny Whittet disability insurance benefits. We affirm.
 
 
 2
 Whittet alleged disability because of a back injury he suffered in December 1990. During a hearing before an Administrative Law Judge (ALJ) in April 1992, Whittet testified about severe back pain, Whittet's family members testified about his daily activities, and Whittet's treating physician testified about his medical treatment. A vocational expert testified there were numerous unskilled light jobs that Whittet could perform despite his impairments. After analyzing Whittet's subjective complaints of pain under Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ found Whittet's complaints of disabling pain were not credible. The ALJ determined that, although Whittet could not perform his past relevant work, the Secretary had shown Whittet retained the residual functional capacity to perform some light work.
 
 
 3
 In this appeal, Whittet first asserts the ALJ improperly discredited his testimony and the testimony of his family members. In reviewing this assertion, we consider whether the ALJ took into account all of the evidence relevant to Whittet's subjective complaints of pain, and whether Whittet's own testimony and written statements contradicted that evidence so the ALJ could discount Whittet's statements for lack of credibility. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). Having carefully reviewed the record, we conclude the ALJ properly discredited Whittet's subjective complaints of pain. See House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994) (complaints of disabling pain inconsistent with minimal medical treatment, ability to control pain with Tylenol, and ability to perform variety of daily activities); Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (pain that can be remedied or controlled by treatment or medication cannot be considered disabling). Whittet engages in daily activities including fishing, driving, and carrying groceries; his medical history indicates treatment alleviated his pain; and at the time of his hearing, his pain treatment was limited to Darvon as needed. As for the testimony of Whittet's family members, the ALJ did not discredit the testimony, but merely recognized the testimony did not necessarily support Whittet's allegations of his pain's severity.
 
 
 4
 Next, Whittet argues the ALJ improperly discredited the testimony of Whittet's treating physician that Whittet was unemployable and that his functional capacity at the time of the hearing was less than at the time of the physician's May 1991 written functional assessment. The ALJ did not discredit the doctor's testimony except to the extent it conflicted with the doctor's own written assessments of Whittet's functional capacity and employment potential. The physician's testimony that Whittet was unemployable was not a medical opinion, but a vocational conclusion outside the physician's area of expertise. See Turley v. Sullivan, 939 F.2d 524, 527 (8th Cir. 1991) (per curiam). In any event, the testimony contradicted the physician's earlier written conclusion that Whittet could work as a security guard. The physician's written functional assessments of Whittet's abilities supported the ALJ's conclusion that Whittet could perform light work, see 20 C.F.R. Sec. 404.1567(b), and the doctor admitted at the hearing he had made no objective findings that Whittet's condition had deteriorated since that assessment.
 
 
 5
 Finally, Whittet challenges the hypothetical question the ALJ posed to the vocational expert. We conclude the hypothetical was sufficient. The hypothetical included Whittet's low academic skills as well as the description of Whittet's pain and functional limitations contained in his treating physician's functional assessment. See Onstad v. Shalala, 999 F.2d 1232, 1234-35 (8th Cir. 1993) (hypothetical need not include impairments the ALJ rejects if substantial evidence supports findings).
 
 
 6
 We thus conclude substantial evidence on the record as a whole supports the Secretary's decision. See House, 34 F.3d at 694. Accordingly, we affirm.