_____

No. 96-1608
_____

Sandra S. Comegys,                  *
                                    *
          Appellant,                *
                                    *
     v.                             *  Appeal from the United States
                                    *  District Court for the
Shirley S. Chater, Commissioner     *  Southern District of Iowa
of the Social Security              *
Administration,                     *         [UNPUBLISHED]
                                    *
          Appellee.                 *

_____

Submitted:  December 20, 1996

Filed:  January 8, 1997
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Sandra S. Comegys appeals from the final judgment of the District
Court[1] for the Southern District of Iowa affirming the decision of the
Commissioner to deny Comegys disability insurance and Supplemental Security
Income (SSI) benefits.  For the reasons discussed below, we affirm.

     Comegys, born October 11, 1946, applied for disability insurance
benefits and SSI, alleging she was disabled as of December 1992, due to
thoracic outlet syndrome, cubital tunnel and carpal tunnel syndromes,
severe headaches, and neck pain.  Her

_____

     [1]The Honorable R. E. Longstaff, United States District Judge
for the Southern District of Iowa.

insured status expires on December 31, 1996.  Her application was denied initially and upon reconsideration.  Comegys requested and received a hearing before an Administrative Law Judge (ALJ).

At the November 1993 hearing Comegys was represented by counsel and a vocational expert testified that there were a significant number of jobs in the national and local economies which Comegys could perform despite her impairments.  The ALJ concluded that the combination of Comegys's impairments was severe, but did not meet or equal the criteria of any of the Listed Impairments.  The ALJ pointed to evidence in the record which showed that Comegys had worked after she had been diagnosed with right and left carpal tunnel and thoracic outlet syndromes; that she received relief from the transcutaneous electrical nerve stimulation (TENS) unit; that a consultative orthopedic surgeon noted that all of her subjective symptoms did not correlate with objective clinical findings and she showed some fabrication of symptoms; and that her treating osteopath made it clear in his summary of Comegys's symptoms that he was reporting what Comegys told him rather than describing his clinical findings and as such the ALJ was not bound to consider them.  In determining whether Comegys's pain and discomfort resulted in functional limitations sufficient to be legally disabling, the ALJ reviewed the Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), factors and found that Comegys's daily activities were not consistent with and did not support a finding of total disability, that her assertion of functional limitations was not confirmed by clinical findings and thus was not credible, and that she reported only minimal side effects of medication.  The ALJ concluded that Comegys could not return to her past relevant work.  Shifting the burden to the Commissioner and relying on the testimony of the vocational expert, the ALJ concluded that there were other jobs in the national economy which she could perform.  Thus, Comegys was not disabled.

The Appeals Council denied further review, and upon judicial review, the district court concluded that substantial evidence in the record as a whole supported the Commissioner's decision.

On appeal, Comegys argues that the Commissioner's decision is incorrect, and asserts she was diagnosed with Dupuytren's contracture in March 1996; she had Bell's Palsy in July 1995; and she had a right knee replacement in September 1994. She also argues that in May 1996, she was diagnosed with fibromyalgia, which had been included as one of her treating osteopath's diagnoses, but had not been properly developed.

Our review of an administrative decision to deny Social Security benefits is limited and is deferential to the agency. See Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir. 1996). If substantial evidence in the record as a whole supports the administrative decision, it must be affirmed. Id. We may not "merely parse the record for substantial evidence supporting the Secretary's decision," but must also "consider evidence in the record that detracts from the weight of the decision." Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

The issue before us is whether substantial evidence supports that Comegys was not disabled during the period for which benefits were denied, in this case December 1992 through April 5, 1994, the date of the ALJ's decision. See Williams v. Sullivan, 905 F.2d 214, 216 & n.6 (8th Cir. 1990) (where Appeals Council declines to review case, the date of Commissioner's final decision is the date ALJ decision was issued; new evidence submitted to Appeals Council must be new, material, and relate to period on or before date of ALJ's decision).

Although the record for the period ending April 1994 contains several inconsistent medical findings and diagnoses, inconsistencies in the record and the weight accorded to evidence

are for the Commissioner to resolve, "within broad limits." <u>Onstad v. Shalala</u>, 999 F.2d 1232, 1234 (8th Cir. 1993). In making his credibility determinations, we conclude the ALJ analyzed the factors consistent with <u>Polaski v. Heckler</u>, 739 F.2d at 1322, noting that Comegys's daily activities did not suggest she was in disabling pain, that the clinical findings did not correlate with the extent of Comegys's complaints of alleged pain, and that many of her complaints were not credible. The ALJ properly shifted the burden to the Commissioner to show that jobs existed which Comegys could perform, and the vocational expert's testimony supported that there were such jobs in the local and national economy.

Even if this court might have weighed the evidence differently, the Commissioner's decision must be upheld when there is evidence to support either outcome. <u>See</u> <u>Browning v. Sullivan</u>, 958 F.2d 817, 822 (8th Cir. 1992). Considering the deference accorded to the Commissioner's decision and this court's limited review, and having carefully reviewed the record, we conclude there is substantial evidence to support the ALJ's decision.

Comegys suggests in her reply brief that the ALJ may not have adequately developed the record with respect to her May 1996 diagnosis of fibromyalgia. <u>See</u> <u>Boyd v. Sullivan</u>, 960 F.2d 733, 736 (8th Cir. 1992). We find no error in the ALJ's failure to develop the record further as to this impairment.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.