# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2053

_____

Ronald G. Stahly,                                     *
                                                      *
          Appellant,                                  *
                                                      *   Appeal from the United States
     v.                                               *   District Court for the
                                                      *   Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner,                       *
Social Security Administration,                       *       **[UNPUBLISHED]**
                                                      *
          Appellee.                                   *

_____

Submitted:  May 5, 2000
    Filed:   May 22, 2000

_____

Before MCMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Ronald Stahly appeals the district court's[1] decision upholding the Commissioner's denial of his applications for disability insurance benefits and supplemental security income.  We affirm.

_____

[1]The HONORABLE HENRY L. JONES, JR., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Stahly alleged disability from arthritis, back problems, and neck and shoulder pain. After his applications were denied initially and upon reconsideration, an administrative law judge (ALJ) held a hearing where Stahly testified and was represented by counsel. A vocational expert (VE) testified that a hypothetical claimant of Stahly's age, education, and work experience, having the functional limitations the ALJ described, could perform sedentary security-guard work and sedentary assembly work. The ALJ found that Stahly had severe impairments of degenerative disc disease, spondylosis, and intermediate coronary artery disease, but they were not alone or in combination of listing-level severity; and that Stahly's assertions regarding his functional limitations were not fully credible, given the lack of supporting objective medical evidence for disabling pain, his callused hands and muscular arms, his own statement that he sat ten to thirteen hours daily, his failure to seek ongoing medical treatment, and his usual practice of taking only over-the counter medications. The ALJ found that the mental impairment Stahly asserted at the hearing (depression) was not supported by substantial evidence; expressly rejected the report of Stahly's psychological consultant, which was inconsistent with the report of the Social Security Administration's psychological consultant; and determined that Stahly exhibited no sign or symptom cluster for the disorders listed in the Psychiatric Review Technique Form. The ALJ found that Stahly was unable to perform his past relevant work but retained the residual functional capacity to perform sedentary work, reduced by a sit-stand option, no excessive push/pull activity, and only occasional climbing, stooping, kneeling, crawling, and reaching; and could perform the jobs identified by the VE. The ALJ thus concluded that Stahly was not disabled.

Having carefully reviewed the record, taking into consideration the substantial relevant evidence that supports, as well as detracts from, the final decision, see Spradling v. Chater, 126 F.3d 1072, 1073-74 (8th Cir. 1997), we conclude that the district court correctly granted summary judgment in favor of the Commissioner. The ALJ properly discounted Stahly's subjective complaints of pain, as he specifically addressed the factors in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and

noted the inconsistencies in the record. See Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995) (absence of prescription medicine, failure to seek medical treatment, claimant's record of applying for jobs, and inconsistent medical reports was substantial evidence supporting ALJ's decision). The ALJ did not err in rejecting the psychological opinion of Stahly's consultant or in concluding Stahly did not suffer from any determinable mental impairment. See id. at 786-87 (ALJ properly resolved conflict between two mental health professionals who examined claimant and reached opposing conclusions, particularly where record was otherwise virtually bare of evidence shedding light on claimant's mental capacity for work; ALJ may reject opinion if inconsistent with whole medical record). After discounting Stahly's alleged nonexertional impairments, the ALJ considered the combined effects of Stahly's impairments by noting his back and heart problems and concluding they were not, alone or in combination, of listing-level severity. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994). Further, the hypothetical posed to the VE was adequate. See Roe v. Chater, 92 F.3d 672, 676 (8th Cir. 1996) (point of hypothetical is to present VE with set of limitations mirroring claimant's); Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993) (ALJ is required to include in hypothetical only those impairments that he finds actually exist). Given the VE's testimony, the Commissioner met his burden of showing Stahly could perform jobs in the national economy, and the ALJ's decision was supported by substantial evidence. See Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993) (per curiam) (VE's testimony amounts to substantial evidence if hypothetical precisely included impairments that ALJ accepted as true).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-