# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2932
_____

Christina L. Eaton

*Plaintiff - Appellant*

v.

Kilolo Kijakazi,[1] Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 20, 2021
Filed: July 23, 2021
[Unpublished]

_____

Before COLLOTON, GRUENDER, and KOBES, Circuit Judges.

_____

PER CURIAM.

---

[1]Kilolo Kijakazi has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Christina Eaton appeals the district court's[2] order affirming the denial of disability insurance benefits and supplemental security income. We agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Twyford v. Comm'r, Soc. Sec. Admin., 929 F.3d 512, 516 (8th Cir. 2019) (de novo review of district court's judgment; this court will affirm unless Commissioner's findings are unsupported by substantial evidence or result from legal error). Specifically, we conclude the record supports the administrative law judge's (ALJ's) finding that Eaton's impairments did not meet the mental disorder listings, see id. at 517 (ALJ's finding that listing was not met was supported by treatment notes and claimant's daily activities); and the ALJ's determination of Eaton's residual functional capacity (RFC), see Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (ALJ did not err in failing to include limitation in RFC, as he determined that claimant's allegations about such limitation were not credible). We find no merit to Eaton's argument that the ALJ erred by failing to recontact the medical expert after the hearing. See Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993) (reversal due to failure to develop record is only warranted where such failure is unfair or prejudicial; no prejudice where claimant did not show that evidence ALJ failed to obtain would have made difference in case).

The judgment is affirmed.

_____

_____

[2]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).