45 F.3d 1190
 46 Soc.Sec.Rep.Ser. 487, Unempl.Ins.Rep. (CCH) P 14548B
Elliott G. HARRIS, Jr., Appellant,
v.
Donna E. SHALALA, Secretary of the Department of Health and
Human Services, Appellee.
 No. 94-1766.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 18, 1994.
Decided Jan. 18, 1995.
 
 David R. Trussel, Little Rock, AR, argued, for appellant.
 Joseph B. Liken, Office of Gen. Counsel, Dallas, TX, argued, for appellee.
 Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Elliott Harris appeals from a final judgment entered in the United States District Court for the Eastern District of Arkansas denying him disability insurance benefits and supplemental security income. Harris v. Shalala, No. LR-C-92-616, 1994 WL 74984 (E.D.Ark. Feb. 4, 1994) (Memorandum and Order). For reversal, Harris argues that: (1) the Administrative Law Judge (ALJ) improperly evaluated and discredited his credibility with respect to his subjective allegations of disabling pain, and (2) the ALJ failed to adequately consider expert vocational evidence relating to his non-exertional impairments. For the reasons discussed below, we affirm the judgment of the district court.
 
 I. BACKGROUND
 
 2
 Harris filed his applications for disability insurance and supplemental security income benefits on July 17, 1990, and July 2, 1990, respectively, alleging disability since November 4, 1988, due to neck and back injuries sustained in a motor vehicle accident. At the time of the administrative hearing, Harris was thirty-four years of age, with a twelfth-grade education, some training in aviation technology, and past work experience as a heavy equipment operator, a cook, and a truck driver. The ALJ issued a decision on October 18, 1991. Although he found that Harris had severe cervical and lumbar strain with myalgias and some degenerative disc disease at L4-5 and L5-S1 and bulging of the disc at L5, the ALJ determined that Harris' subjective allegations of severe pain and physical limitations were not credible to the extent alleged. The ALJ found that Harris could not return to his past relevant work but further determined that Harris had the residual functional capacity to perform a full range of light work. Considering Harris' age, relevant work experience, and residual functional capacity, the ALJ used the Medical-Vocational Guidelines to reach the conclusion that Harris was not disabled within the meaning of the Social Security Act. The Appeals Council denied Harris' request for review of the hearing decision. Harris sought judicial review, and the district court granted summary judgment in favor of the Secretary. This appeal followed.
 
 
 3
 Harris was injured in a motor vehicle accident in November 1988. Clinical and laboratory findings showed that his vertebral alignment continued to be normal and disc spaces were well maintained. Other x-rays were negative. Harris was diagnosed as having multiple contusions. In April 1989, Harris remained unemployed because of severe back pain and right hip and leg pain. A physical examination conducted at that time revealed some restriction of motion in his cervical and lumbar spine. No structural abnormalities were observed, and no neurological abnormalities of the upper or lower extremities could be found. Magnetic resonance imaging (MRI) in May 1989 revealed the degenerative disc disease which the ALJ noted in his findings of fact. Harris underwent chiropractic examination in July 1990, and his examining chiropractor stated that Harris had no problems sitting or standing, provided that his standing was not in excess of two or three hours. Harris underwent further examination in August 1990 by a neurological surgeon who stated that he had last seen Harris in June 1989, and at that point, Harris was able to sit, stand, move about, see, hear and speak without major difficulty. After an assessment of Harris' spinal abnormalities, the neurological surgeon suggested that Harris should not lift, carry, or handle objects weighing more than 40 or 50 pounds. In May 1991, Harris had a psychological examination in which he exhibited below average potential for tasks requiring speed and dexterity.
 
 II. DISCUSSION
 
 4
 Our limited role under 42 U.S.C. Sec. 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Secretary, and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir.1992). If supported by substantial evidence, the Secretary's findings must be affirmed. Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir.1992). Further, we may not reverse a decision of the Secretary merely because substantial evidence would have supported an opposite conclusion. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993) ("Woolf").
 
 
 5
 Harris contends that the ALJ improperly discredited his subjective complaints of lower back pain. As we have said before, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir.1984) ("Polaski ") (subsequent history omitted). The absence of an objective medical basis to support the claimant's subjective allegations of pain is simply one factor to be considered along with all of the evidence presented relating to subjective complaints. Id. Specifically, under our Polaski decision, an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. Id.; see Baker v. Secretary, 955 F.2d 552, 555 (8th Cir.1992). Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. Woolf, 3 F.3d at 1214. However, an ALJ must do more than rely on the mere invocation of "Polaski" to insure safe passage for his or her decision through the course of appellate review. An ALJ who determines that the claimant's testimony as to pain is not credible must make specific findings explaining that conclusion. Ghant v. Bowen, 930 F.2d 633, 637 (8th Cir.1991).
 
 
 6
 In the present case, the ALJ acknowledged the duty to consider the Polaski factors in his evaluation of Harris' subjective complaints, and, after consideration of these factors, the ALJ found that Harris' complaints of pain were exaggerated. The ALJ found that the record failed to show any impairment which reasonably could be expected to cause the level of pain and functional limitation of which Harris complained. In addition to the inconsistent medical evidence, the ALJ also noted that Harris had not sought medical care for his back since 1989. The ALJ also considered the fact that Harris demonstrated little restriction in range of motion in his spine and had a normal gait. Harris himself agreed with a physician's report that stated he could stand, sit, and walk for up to two hours. He could also bend and squat. The ALJ also took into account the duration and frequency of Harris' pain, the dosage and effectiveness of his medication, and his daily activities. After a careful review, we conclude that the record demonstrates that the ALJ satisfied his obligation to make specific findings explaining his decision to discredit Harris' subjective allegations of pain. We further conclude that there is substantial evidence in the record to support the ALJ's decision to discredit Harris' testimony about his pain.
 
 
 7
 Harris further argues that the ALJ failed to elicit vocational expert testimony about how his pain would affect his ability to perform the full range of light work. He also claims that the ALJ failed to discredit the report of a qualified professional who examined, tested, and made findings about his psychological and vocational difficulties. Harris contends that by failing either to discredit the psychological examiner's report or to present the results of the report to a qualified vocational expert for analysis, the Secretary did not meet her burden of proving that Harris can perform significant numbers of other jobs in the national economy.
 
 
 8
 Because the ALJ determined that Harris was unable to return to his past relevant work, the burden shifted to the Secretary to show that Harris was able to engage in work in the national economy. Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir.1992). In the present case, the ALJ used the Medical-Vocational Guidelines as a framework for reaching his decision that Harris was not disabled. Resort to the Guidelines is permissible even though there is a nonexertional impairment, provided that the ALJ finds, and the record supports the finding, that the nonexertional impairment does not significantly diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines. Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir.1988) ("Thompson "); see Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir.1993). However, if the claimant's nonexertional impairments significantly diminish his or her residual functional capacity to perform the full range of activities listed in the Guidelines, the Secretary must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics. Thompson, 850 F.2d at 349.
 
 
 9
 We conclude that in the present case the ALJ's use of the Medical-Vocational Guidelines was proper. There is substantial evidence in the record to support the determination that Harris' alleged nonexertional impairments did not significantly diminish his residual functional capacity to perform a full range of light work. Harris was 34 years old at the time of the hearing, had a high school education, some vocational training in aviation technology, and a current driver's license. Considering Harris' age, education, past work experience, and the ALJ's proper decision to discount Harris' subjective allegations of disabling pain, we cannot say that the ALJ erred in failing to elicit the testimony of a vocational expert. There was substantial evidence in the record to support the ALJ's decision to rely on the Medical-Vocational Guidelines.
 
 III. CONCLUSION
 
 10
 We hold that the findings of the ALJ were supported by substantial evidence in the record as a whole. Therefore, we affirm the judgment of the district court.