60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Marilyn DAILEY, Appellant,
v.
Shirley S. CHATER, Commissioner * of Social Security, * *
Appellee.* *
 No. 95-1216
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 15, 1995
Filed: July 5, 1995
 
 Before ARNOLD, Chief Judge, GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Marilyn Dailey appeals from the magistrate judge's[1] order granting summary judgment in favor of the Secretary of Health and Human Services in an action brought by Dailey pursuant to 42 U.S.C. Sec. 405(g) (1988) challenging the denial of her claim for disability benefits. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291 (1988), and we affirm.
 
 I. BACKGROUND
 
 2
 Dailey was first evaluated by Dr. Robert A. Dickins, Jr. on February 13, 1989, after she injured her back lifting a pallet at work. The examination revealed evidence of disc herniation and limited range of motion in her back. After conservative therapy had failed to bring any relief, Dr. Dickins recommended surgery.
 
 
 3
 Dailey underwent a lumbar laminectomy on February 15, 1989. Following that surgery, Dailey was prescribed Darvocet[2] and reported good relief of her pain. A post-surgical pathology report issued on that same day notes evidence of disc degeneration. From May 8 to June 27, 1989, Dailey took part in and completed a work hardening program in which she performed part-time work. During that program she demonstrated her capacity to sit for thirty minutes, stand and walk for eight hours, lift and carry twenty-five pounds, and occasionally push and pull seventeen pounds for 100 feet.
 
 
 4
 In a follow-up visit to Dr. Dickins on August 21, 1989, Dailey complained of back and hip pain, for which she was prescribed Flexeril.[3] On October 31, 1989, Dailey complained to Dr. Dickins of increasing symptoms of numbness in her left leg and the back of her left foot. An MRI scan was performed on November 7, 1989, which revealed possible mild degenerative disc disease, but no evidence of recurrent disc herniation. Dailey, however, continued to complain of pain radiating down her left leg. On December 19, 1989, she underwent a lumbar myelogram, a post-myelogram CT scan of the lumbar spine, and electromyography studies, none of which produced any evidence of disc herniation.
 
 
 5
 Dr. Dickins then referred Dailey to Dr. John H. Ademetz, a neurologist, for consultation. On January 26, 1990, Dailey underwent a second lumbar laminectomy. After this second surgery, Dailey continued to make progress. On June 4, 1990, Dr. Dickins recommended that Dailey be placed in or trained for a job requiring lighter work than her previous job. He reiterated this advice on October 3, 1990, when he stated that, based on Dailey's progress, the findings on her functional capacity evaluation, and her performance in the work hardening program, she would be suited for light job activity. Dailey underwent another MRI on October 3, 1990, which again revealed evidence of degenerative disc disease, but no further disc herniation. Dr. Dickins recommended no further surgery, stating that Dailey would have to live with whatever residual pain remained.
 
 
 6
 Dr. Dickins then referred Dailey to Dr. Edward H. Saer III, an orthopedist, for a consultive evaluation. When Dailey saw Dr. Saer on November 8, 1990, she reiterated her complaints of pain. She also stated that she had been unable to return to work but was not currently taking any medication, was not participating in an exercise program, and did not wear a brace. A subsequent examination showed a slight restriction on forward bending, but no muscle spasms or significant restriction of motion. Dailey underwent a discogram, a nerve root block, and a CT scan of the lumbar spine. These tests revealed no impairment other than two mildly degenerative discs.
 
 
 7
 On November 29, 1990, Dr. Saer stated that he believed additional surgery would potentially benefit Dailey and advised her to consult Dr. Dickins. Dr. Dickins advised Dailey to balance the prospects of moderate success from future back surgery with the degree of pain and discomfort affecting her daily life. Dailey elected to forego any additional surgery. Through the course of three additional visits to Dr. Dickins on February 15, May 1, and September 11, 1991, Dr. Dickins noted that Dailey's complaints of back pain had not changed. He concluded that any residual pain was permanent and made no further recommendations for testing or treatment. During the spring of 1991, Dailey was seen by Dr. Stephen Snyder, her family physician, who diagnosed her as suffering from anemia and depression stemming from her back pain. There is no evidence of additional subsequent medical treatment.
 
 
 8
 Dailey filed her application for disability benefits on May 14, 1991, alleging disability since February 10, 1989, due to back impairment. The Secretary denied her application initially and upon reconsideration. Pursuant to Dailey's request, a de novo hearing was held before an Administrative Law Judge (ALJ) on October 24, 1991. At the time of the hearing, Dailey was fifty- four years of age with a twelfth-grade education and past relevant work experience as a shipping and receiving clerk and a creel[4] operator. In addition to the aforementioned medical testimony, Dailey, who appeared without counsel, testified that she was unable to return to her past work. She specifically complained of difficulty sitting and performing normal daily activities. Dailey stated that she was able to care for herself, read, sew, walk for exercise, prepare meals, do some housework, go shopping, go fishing three times a week, visit with friends, attend church, and drive. Her son also appeared at the hearing and testified as to his mother's pain and limitations.
 
 
 9
 The ALJ issued a decision on May 22, 1992, concluding that Dailey was not disabled within the meaning of the Social Security Act. The ALJ concluded that Dailey, although unable to return to her past relevant work, retained the residual capacity for a full range of light work. Based on Dailey's residual functional capacity, age, education, and work experience, the ALJ concluded that she was not disabled within the meaning of Social Security Act under rules 202.13 and 202.14 of the Medical Vocational Guidelines set out at 20 C.F.R. pt. 404, subpt. p, app. 2, Sec. 202.00, table no. 2, (1992). While the ALJ found Dailey's testimony regarding her inability to perform medium or heavy work to be credible, he specifically found that Dailey's testimony in regard to her inability to perform light work was not credible. The Appeals Council denied Dailey's request for review on February 26, and Dailey appealed to United States District Court for the Eastern District of Arkansas. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, granted the Secretary's motion for summary judgment. This appeal follows.
 
 II. DISCUSSION
 
 10
 Dailey bears the initial burden of proving her disability. Lochner v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992). In order to meet that initial burden, she must show that she has a "medically determinable impairment which precludes performance of previous work." Johnston v. Shalala, 42 F.3d 448, 451 (8th Cir. 1994). Once that initial burden has been met, the burden shifts to the Commissioner "to demonstrate that the claimant retains the physical residual functional capacity (RFC) to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education, and work experience." Frankl v. Shalala, 47 F.3d 935, 937 (8th Cir. 1995). While the ALJ found Dailey incapable of returning to her past relevant work, he also found her capable of performing a full range of light work and, therefore, not disabled within the meaning of the Social Security Act.
 
 
 11
 Pursuant to 42 U.S.C. Sec. 405(g), our review of the decision of the Secretary is limited to determining whether it is supported by substantial evidence in the record as a whole. Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir. 1995). Substantial evidence is such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion. Johnston, 42 F.3d at 450 (quotation omitted). If that decision is supported by substantial evidence, it must be affirmed. Harris, 45 F.3d at 1193. "Further, we may not reverse a decision of the Secretary merely because substantial evidence would have supported an opposite conclusion." Id.
 
 A. Subjective Complaints of Pain
 
 12
 Dailey first argues that the ALJ improperly discredited her subjective complaints of pain. A claimant's subjective claims of pain may not be disregarded merely because they are not fully supported by objective medical evidence. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted). The absence of objective medical evidence that supports the degree of pain complained of by the claimant is, however, a factor to be considered by the ALJ. Barret v. Shalala, 38 F.3d 1019, 1022 (8th Cir. 1994). Under Polaski, an ALJ must look to five factors in order to determine the credibility of a claimant's subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. 739 F.2d at 1322. Such subjective complaints may be discounted if there are inconsistencies in the record as a whole. Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993).
 
 
 13
 We find the ALJ's decision to discredit Dailey's subjective complaints of pain to be supported by substantial evidence. The ALJ examined Dailey's complaints of pain under the Polaski factors. The ALJ specifically found that Dailey's testimony as to her inability to perform light work was not credible because of inconsistences in the record. Specifically, the ALJ relied on the facts that Dailey's daily activities, lack of a need for a pain medication stronger than Darvocet, and treatment history (including her choice to forgo additional surgery and accept what residual pain remained) were inconsistent with her subjective complaints. In addition, the ALJ relied on the testimony of her treating physician, Dr. Dickins, who repeatedly stated that Dailey was capable of performing light work. In short, the ALJ's decision to disregard Dailey's subjective complaints was made in accordance with the applicable Polaski factors and is supported by substantial evidence. See Johnston, 42 F.3d at 451-52.
 
 B. Duty to Fully Develop the Record
 
 14
 Dailey argues that the ALJ failed to fully develop the record by failing to inquire as to her conservative non-surgical back treatments and her pain and anti-depressant medications and their lack of effectiveness. The ALJ has a duty to develop the facts fully and fairly, particularly where the claimant is unrepresented by counsel. Driggins v. Harris, 657 F.2d 187, 188 (8th Cir. 1981). Our inquiry here is whether Dailey was prejudiced or treated unfairly by the manner in which the ALJ did or did not develop the record. Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). Absent a showing of unfairness or prejudice, we will not remand this claim. Id.
 
 
 15
 We conclude that the ALJ fully and fairly developed the record. The record includes extensive testimony on the part of Dailey, the testimony of an additional witness, and medical evidence covering her nineteen-month treatment. As such, we find no unfairness or prejudice. See Id.
 
 III. CONCLUSION
 
 16
 For the above-mentioned reasons, we affirm the decision of the magistrate judge.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for Donna E. Shalala pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable H. David Young, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 A mild narcotic analgesic prescribed for the relief of mild to moderate pain. Physician's Desk Reference, 1320-21 (49th ed. 1995)
 
 
 [3]
 A medication prescribed for the relief of muscle spasms. Physician's Desk Reference, 1550 (49th ed. 1995)
 
 
 [4]
 A frame holding spools or strings in a spinning machine