_____

No. 95-1499
_____

Robert Lorenzen,                          *
                                          *
          Plaintiff-Appellant,            *   Appeal from the United States
                                          *   District Court for the
     v.                                   *   Southern District of Iowa.
                                          *
Shirley S. Chater, Commissioner           *
of Social Security,*                      *
                                          *
          Defendant-Appellee.             *


                         _____

              Submitted:  September 15, 1995

                 Filed:  December 8, 1995
                         _____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and HANSEN,      Circuit
Judges.
                         _____


HANSEN, Circuit Judge.

     Robert Lorenzen appeals from the district court's[1] grant of summary
judgment, which affirmed the Social Security Administration's decision to
deny his applications for disability insurance benefits and supplemental
security income.  We affirm.


     In his applications, Lorenzen alleged a disability onset date

_____

     *As of March 31, 1995, the Social Security
     Administration became an independent agency from the
     Department of Health and Human Services.  Therefore,
     the court has substituted Shirley S. Chater for Donna
     E. Shalala pursuant to Fed. R. App. P. 43(c).

     [1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

of July 2, 1987, due to back trouble.  The Social Security Administration denied his applications both initially and upon reconsideration.  After a hearing held in 1992, an Administrative Law Judge (ALJ) also denied Lorenzen's applications for benefits.  Subsequently, the appeals council of the Social Security Administration remanded the case to an ALJ for further proceedings.

On March 22, 1994, following a supplemental hearing, the ALJ rendered a decision denying benefits upon finding that Lorenzen was not disabled. The ALJ found that Lorenzen has severe lumbosacral stenosis with a history of two surgeries for the problem, the second of which showed a marked reduction of pain; a personality disorder; and a history of alcohol abuse. The ALJ concluded, however, that these impairments are not severe enough to meet or, in combination, to equal a listed impairment.

The ALJ discredited Lorenzen's testimony concerning the extent of his limitations, finding that Lorenzen took no medication for his alleged pain, that he has refused all but the briefest treatment for alcoholism, and that nothing in the record indicates that his inactivity is medically necessary. Medical records indicated that Lorenzen was doing well after his second lumbar surgery, and the only limitations specifically imposed upon him were to avoid heavy lifting and heavy activity for six weeks.  While the residual functional capacity assessments made by two physicians indicated some severe pain and limitations, the ALJ discounted these assessments because they were made during a relapse which occurred before Lorenzen's second surgery.  Similarly, although the ALJ did not specifically articulate this with regard to her testimony, the testimony of Lorenzen's past employer, Carol Bennett, concerning Lorenzen's pain and limitations was also based upon Lorenzen's condition prior to his second surgery.

The ALJ posed three hypothetical questions to a vocational

2

expert (VE), asking the VE to determine the potential employment opportunities available to a person with Lorenzen's impairments, education, age, and capabilities and who could tolerate a stress level of either 3 or 4 on a scale of 1 to 10 (10 being the greatest level of stress). The VE concluded that while such a person would be unable to return to past relevant work as a cook or maintenance engineer, the person would retain the residual functional capacity to engage in substantial gainful unskilled employment that exists both in the national economy and statewide. The VE listed some specific jobs as examples. Adding the consideration of two to three unscheduled absences per month to the hypothetical question, the VE concluded that this limitation alone would preclude all employment.

Based upon this record, the ALJ determined that Lorenzen was not under a disability at any time through the date of the decision and, accordingly, denied Lorenzen's applications for benefits.[2] The appeals council denied Lorenzen's request for review of this decision.

Lorenzen sought judicial review. The district court determined that the decision of the Social Security Administration was supported by substantial evidence on the record as a whole. Lorenzen appeals, contending that the ALJ erred (1) by excluding certain relevant limitations from the hypothetical question posed to the VE (namely those reported prior to his second surgery and those resulting from absences and related problems attributable to his alcohol abuse); (2) by using a numerical stress scale in the hypothetical question; and (3) by failing to make a specific determination of the credibility of the testimony of Carol Bennett, Lorenzen's past employer.

---

[2]Since the ALJ's decision denying benefits in this case, Lorenzen submitted another application for disability insurance benefits, and the Administration awarded benefits on that application. Thus, only a 3 1/2 year period is in dispute here.

We review the Commissioner's decision to deny benefits by determining the limited question of whether the decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir. 1995). If supported by substantial evidence, the Commissioner's findings and decision must be affirmed. Id.

After careful consideration of the record, we conclude that substantial evidence on the whole record supports the ALJ's decision to deny benefits in this case. First, the hypothetical question that the ALJ asked of the VE properly set forth all of Lorenzen's impairments that are supported in the record. See Chamberlain v. Shalala, 47 F.3d 1489, 1495 (8th Cir. 1995) (hypothetical question must include all credible impairments). Since Lorenzen has been unwilling to accept treatment for his alcoholism, his claimed limitations based upon alcohol abuse need not be credited by the ALJ or included in the hypothetical question. See Shelltrack v. Sullivan, 938 F.2d 894, 897 (8th Cir. 1991) (disability based on alcoholism requires, in part, a showing that claimant is unable, not merely unwilling, to seek and use means of rehabilitation).

Second, the ALJ did not commit error by using the numerical stress scale or by labeling the level of stress that Lorenzen could endure as a level 3 or 4 on a scale of 1 to 10, because the record supports the conclusion that Lorenzen had a "fair" ability to deal with work stresses when he was not drinking. See Montgomery v. Chater, No. 95-1387, slip op. at 4 (8th Cir. Nov. 2, 1995) (use of a numerical stress scale "is an acceptable shorthand for identifying a claimant's stress tolerance," when supported by the evidence).

Third, although the ALJ failed to list specific reasons for discrediting the testimony of Carol Bennett, it is evident that most of her testimony concerning Lorenzen's capabilities was

4

discredited by the same evidence that discredits Lorenzen's own testimony concerning his limitations.  See Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (arguable deficiency of failing to specifically discredit witness has no bearing on outcome when the witness's testimony is discredited by the same evidence that proves claimant's claims not credible).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5