_____

No. 95-3608
_____

Jackie L. Russell,                    *
                                      *
        Appellant,                    *
                                      *  Appeal from the United States
    v.                                *  District Court for the Eastern
                                      *  District of Arkansas.
Shirley S. Chater,                    *
Commissioner, Social Security         *          [PUBLISHED]
Administration,                       *
                                      *
        Appellee.                     *

_____

            Submitted:  April 11, 1996

            Filed:  July 29, 1996
_____

Before BEAM and MURPHY, Circuit Judges, and NANGLE, District Judge.*
_____

PER CURIAM.

        Jackie L. Russell appeals a denial of social security benefits.  We affirm.

        Russell, now fifty years old, is an alcoholic.  He was previously employed as a roofer and a lawn-care worker.  He has an eighth-grade education.  He filed for disability benefits claiming that he is unable to work because of alcoholism, anti-social behavior and dysthymic disorder. After a hearing, the Administrative Law Judge (ALJ) denied benefits, but that decision was reversed by the Appeals Council.  On remand, the ALJ again denied benefits.

_____

        *The Honorable JOHN F. NANGLE, United States District Judge for the Eastern District of Missouri, sitting by designation.

The ALJ found that, although Russell has a severe combination of impairments including alcohol dependency, his impairments do not prevent him from performing his past relevant work as a roofing or lawn-care laborer.  Like the district court, we have reviewed the record in this case and agree that substantial evidence in this record supports the ALJ's conclusions.

The "mere presence of alcoholism is not necessarily disabling." Mapes v. Chater, 82 F.3d 259, 263 (8th Cir. 1996).  In fact the burden of proving disability based on alcoholism is a high one.  Id.  A claimant is required to show that he has lost self-control to the point of being impotent to seek and use means of rehabilitation.  Id.  He must show that he is unable, not merely unwilling, to seek and use means of rehabilitation.  Lorenzen v. Chater, 71 F.3d 316, 319 (8th Cir. 1995). Here, a psychiatrist who examined Russell noted, "[b]asically, he doesn't want to stop drinking, and has at this point no good reason to even consider it."  Administrative Transcript at 255.  The record also shows that Russell walked out of treatment several times and has missed numerous follow-up appointments.  This, and other evidence in the record, demonstrates that Russell has failed to make the appropriate showing for disability based on alcoholism.  Accordingly, further discussion is unnecessary.[1]  We affirm for the reasons stated in the district court's opinion.  See 8th Cir. R. 47B.

The judgment of the district court is affirmed.

---

[1]Because we find that the ALJ correctly denied benefits under the standards in place at the time of Russell's hearing, we need not address the effect of recent amendments to the Social Security Act that eliminate alcoholism or drug dependence as a basis for obtaining disability benefits. Contract with America Advancement Act of 1996, Pub. L. No. 104-121, 110 Stat. 847 (amending 42 U.S.C. § 423(d)(2)).

-2-

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.