# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-2482

———————

Connie Warnick,  *
                 *
        Appellant,  *
                 *
    v.           *   Appeal from the United States
                 *   District Court for the Eastern
Kenneth S. Apfel, Commissioner,  *   District of Arkansas.
Social Security Administration,  *
                 *       [UNPUBLISHED]
        Appellee.  *

—————

Submitted:  March 7, 2000

Filed:  May 25, 2000

———————

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

———————

PER CURIAM.

Connie Warnick appeals the district court's[1] order affirming the Commissioner's decision to deny her disability insurance benefits and supplemental security income. Mrs. Warnick had alleged she could not work because of heart problems and internal

---

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

bleeding. After a hearing, the administrative law judge (ALJ) found that Mrs. Warnick was capable of performing light work, and thus that some of her past relevant work (PRW) as a sewing-machine operator and as a shipping-and-receiving clerk was not precluded. Mrs. Warnick submitted additional medical records to the Appeals Council, which declined review. Having carefully reviewed the record, including the new evidence deemed relevant by the Appeals Council, see Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir. 1999) (standard of review), we conclude the ALJ's findings are supported by substantial evidence, and we affirm.

For reversal, Mrs. Warnick first argues that the ALJ erred in assessing her subjective complaints. We have explained that we will not disturb the decision of an ALJ who seriously considers, but for good reason expressly discredits, a claimant's subjective complaints. See Haggard v. Apfel, 175 F.3d 591, 594-95 (8th Cir. 1999). We believe that the ALJ did so here. He expressly discredited Mrs. Warnick's subjective complaints on the basis that (1) her described daily activities were inconsistent with the degree of her alleged disability (and consistent with light-work requirements), see Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999) (claimant's ability to care for himself, do household chores, drive car for short distances, and perform other miscellaneous activities were inconsistent with level of pain alleged); (2) for several years she had worked with the alleged disabling symptoms--fatigue, diarrhea, gastrointestinal bleeding, and leg swelling--while taking the same medications as those she was taking at the time of the hearing, see Naber v. Shalala, 22 F.3d 186, 189 (8th Cir. 1994) (condition that was not disabling during work years and has not worsened cannot be used to prove present disability); and (3) her alleged medication side effects were unsupported by the record, see Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993) (per curiam) (claimant's allegations of medication-related dizziness, drowsiness, and sleepiness were inconsistent with record, as he had never complained to physicians about alleged side effects). Mrs. Warnick also complains that the ALJ failed to mention the testimony of her witnesses, but the ALJ's reasons for discrediting Mrs. Warnick's testimony would also have served as a basis for discrediting the witnesses.

We therefore find the ALJ's failure to discuss the witnesses' testimony inconsequential. See Lorenzen v. Chater, 71 F.3d 316, 319 (8th Cir. 1995).

Next, Mrs. Warnick argues that the ALJ erred in finding her capable of performing her PRW. We disagree. Mrs. Warnick bore the burden of proving she could not perform her PRW, see Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998), and she failed to do so. Based upon the medical evidence, the ALJ concluded that Mrs. Warnick had the residual functional capacity to perform light work, and thus could perform "some" of her PRW as a sewing-machine operator and a shipping-and-receiving clerk. See 20 C.F.R. §§ 404.1567(b); 416.967(b) (1999) (defining light work). Although Mrs. Warnick indicated her past sewing-machine-operator positions required her to lift fifty pounds, the Dictionary of Occupational Titles (DOT) categorizes these jobs as light work. See 2 U.S. Dep't of Labor, Dictionary of Occupational Titles, 809 & 820 (4th ed. 1991) (examples of sewing-machine-operator descriptions). And although the DOT categorizes shipping-and-receiving-clerk jobs as medium work, see 1 U.S. Dep't of Labor, Dictionary of Occupational Titles, 202 (4th ed. 1991) (shipping-and-receiving clerk-description), Mrs. Warnick's description at the hearing of the specific shipping-and-receiving-clerk job she had held previously, which involved no lifting, was consistent with light work. Thus, there is substantial evidence in the record as a whole to support the ALJ's finding that Mrs. Warnick, in light of the ALJ's finding that she could perform light work, could perform at least one, if not both, of her past relevant jobs as a sewing-machine operator (assuming the ALJ did not credit Mrs. Warnick's testimony regarding the conditions of her past relevant work) or as a shipping-and-receiving clerk (assuming the ALJ accepted as true Mrs. Warnick's testimony regarding the conditions of her past relevant work).

Finally, Mrs. Warnick contends the district court erred by failing to acknowledge the report of her consulting physician, or to properly consider the statements of her treating physician. We construe this argument as a complaint as to how the ALJ and Appeals Council handled this evidence, and we reject the argument. It is unclear

whether the Appeals Council considered all or part of the consulting physician's report, which was dated after the ALJ's decision. See 20 C.F.R. §§ 404.970(b); 416.1470 (b) (1999) (Appeals Council shall consider additional evidence only where it relates to period on or before date of ALJ's decision). But in any event, the Appeals Council was not required to accept the physician's opinion, as it was based only on a review of Mrs. Warnick's medical records. See Jenkins, 196 F.3d at 925 (opinion of consulting physician who examines claimant once or not at all does not generally constitute substantial evidence). Similarly, the treating physician's statement--that Mrs. Warnick could not sit for extended periods because of abdominal surgery--was dated after the ALJ's decision and was submitted to the Appeals Council, although it was effectively the same as an earlier statement by the physician in the record before the ALJ. Regardless, we conclude the ALJ and the Appeals Council were not required to defer to the opinion of this physician either, because he did not explain why abdominal surgery would preclude sitting. See Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995) (weight given to treating physician's opinion is limited if it consists only of conclusory statements).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-