For the reasons set forth in this opinion, we must affirm the judgment of the district court.

AFFIRMED.

Ruby N. JOHNSTON, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 94–1587.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1994.

Decided Dec. 1, 1994.

Lawrence Ray, St. Robert, MO, argued, for appellant.

Eric Tolen, St. Louis, MO, argued (Edward L. Dowd, Jr. and Eric T. Tolen, on the brief), for appellee.

Before McMILLIAN and MAGILL, Circuit Judges, and BOGUE,* Senior District Judge.

MAGILL, Circuit Judge.

Ruby N. Johnston appeals from the final order of the district court[1] affirming the decision of the Secretary of Health and Human Services to grant Johnston disability insurance benefits from July 10, 1989, until

---

* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri.

September 30, 1990, and deny benefits thereafter. For the reasons discussed below, we affirm.

## I. BACKGROUND

Johnston applied for disability benefits on October 6, 1989, alleging that she was disabled because of a slipped disc. The Secretary denied benefits for the period after September 30, 1990, initially and on reconsideration. On July 18, 1990, a hearing was held before an administrative law judge (ALJ) at Johnston's request.

Johnston was fifty-nine years old at the time of the hearing and had an eighth grade education. She worked most of the past fifteen years as a sewing machine operator at various factories. She also spent one and one-half years as a caretaker for an elderly woman.

At the hearing, Johnston testified that she injured her back when she was picking up some vegetables in her garden in July 1989 and that she has been unable to work since then. She also testified that she was in a car accident in November 1979 and underwent hip surgery as a result of the accident. Johnston has arthritis in her right arm and left wrist and her right arm is permanently "turned halfway over." She also has trouble controlling her bladder.

Johnston claimed that she is in severe pain twenty-five days of each month. To alleviate this pain she takes various pain medications and hot baths. However, none of Johnston's doctors have recommended she attend a pain clinic or try other therapy to reduce her pain.

Johnston testified she can lift, but not carry, five pounds; can walk fifty yards on a flat surface; can stand in one position for approximately ten to fifteen minutes; cannot bend at the waist and touch her knees; has difficulty descending stairs; and cannot lift her arms over her head very well. Johnston stated she does most of the cooking and dishwashing at her home and her daughter assists her with vacuuming and laundry. Johnston claims she reads for one and one-half hours per day; watches television for two hours per day; and rests for one hour in the afternoon. Johnston stated her ten children visit her regularly and every week she visits one of them.

Johnston first sought medical attention regarding her back pain on July 11, 1989. She was treated for this condition by various doctors. On August 18, 1989, Johnston underwent a lumbar myelogram, and on December 11, 1989, she underwent a decompressive laminectomy. On a December 29, 1989 medical visit with Dr. Stronsky, Johnston reported less right leg pain; her doctor noted that the surgery was healing nicely and recommended a follow-up visit in two months. On February 26, 1990, Johnston reported back to Dr. Stronsky. Dr. Stronsky's report notes only that Johnston complains of swelling and weakness in her right ankle. Johnston was prescribed "below the knee venous pressure gradient hose."

On February 22, 1990, Johnston saw Dr. Bond for bladder problems. Dr. Bond noted Johnston had a fallen bladder. However, the record does not indicate that a course of treatment was either recommended or pursued. Lastly, on May 7, 1990, a biopsy was performed by Dr. Troop on Johnston's right breast. No malignancy was detected, but Dr. Troop noted there was a moderately increased risk that Johnston may develop breast cancer.

The ALJ found that Johnston's complaints of continuing pain were not credible and concluded that Johnston could perform her past relevant work as a seamstress or top stitcher. Therefore, he determined that she was not disabled after September 30, 1990. The Appeals Council denied further review, and Johnston sought judicial review. The district court granted the Secretary summary judgment, concluding the Secretary's decision was supported by substantial evidence. This appeal ensued.

## II. DISCUSSION

### A. Standard of Review

 We review the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole. Substantial evidence consists of such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Stew-*

art v. Secretary of Health & Human Servs., 957 F.2d 581, 585 (8th Cir.1992). To determine whether substantial evidence exists, we must also consider anything in the record that fairly detracts from the weight of the ALJ's decision. Id. If it is possible to draw two inconsistent positions from the evidence and one of the positions is that of the agency's, we must affirm. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir.1992).

## B. Burden of Proof

■ Johnston bears the initial burden of proving a disability. If Johnston shows she cannot perform past relevant work, then the burden shifts to the Secretary to show that work exists that Johnston can perform. Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir.1992).

■ To meet her initial burden of proof, Johnston must show that she has a "medically determinable impairment which precludes performance of previous work." Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987). We believe that substantial evidence on the record supports the ALJ's conclusion that Johnston has not demonstrated that she cannot perform past relevant work.

### 1. Complaints of Pain

Johnston argues that the ALJ ignored the medical records in determining that she did not suffer from disabling pain. We believe that substantial evidence in the record supports the ALJ's conclusion that Johnston did not suffer from disabling pain after September 30, 1990.

■ Pain is considered disabling when it is not "remediable and precludes a claimant from engaging in any form of substantial gainful activity." Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir.1989). The ALJ may discredit subjective complaints of pain if there are inconsistencies in the evidence as a whole. Polaski v. Heckler, 739 F.2d 1320, 1322, supplemented, 751 F.2d 943 (8th Cir. 1984), vacated, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), adhered to on remand, 804 F.2d 456 (8th Cir.1986), cert. denied, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). The factors the ALJ

should consider when determining if Johnston's complaints of pain are credible include: the absence of an objective medical basis that supports the severity of the subjective complaints; Johnston's daily activities; the duration, frequency and intensity of Johnston's pain; precipitating and aggravating factors; the dosage, effectiveness and side effects of medication; and functional restrictions. Id. at 1322. If the ALJ discredits testimony and explicitly gives good reasons for doing so, we are bound by the ALJ's judgment unless it is not supported by substantial evidence on the record as a whole. Robinson, 956 F.2d at 841.

■ The ALJ examined Johnston's complaints of pain under the Polaski factors. The ALJ specifically found that Johnston's testimony was not credible because of inconsistencies in the record. The inconsistencies noted by the ALJ include Johnston's ability to read, watch television and drive as indicia that her pain does not interfere with her ability to concentrate. He also found that her testimony of a restricted lifestyle was contradicted by her ability to garden—the activity which precipitated her back injury—grocery shop, cook and wash dishes. Her visits with her children indicate she can engage in some social functioning.

Johnston testified that her back surgery reduced her pain by 40% and that medication reduced her pain by 50%. Although she testified to side effects resulting from her medication, she did not discuss any of these side effects with her treating physicians. The ALJ also noted that Johnston has not sought treatment at all for her right arm pain. We note that the ALJ is entitled to find that the failure to seek medical attention is inconsistent with subjective complaints of pain. Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir.1987).

Accordingly, the ALJ considered the Polaski factors and concluded that Johnston's claims of subjective pain were not credible. The ALJ's conclusion that the minimal treatment received by Johnston coupled with her daily activities was inconsistent with her claims of disabling pain is supported by substantial evidence on the record. Therefore, we must uphold the ALJ's determination to

discredit Johnston's subjective complaints of pain.

## 2. Past Work Requirements

 Johnston argues that the ALJ erred by making his own determination that she could perform her past relevant work and that he should have utilized the testimony of a vocational expert. However, Johnston must first meet her initial burden of proof by showing the existence of a disability before the testimony of a vocational expert is required. *Groeper v. Sullivan*, 932 F.2d 1234, 1235 n. 1 (8th Cir.1991). Testimony of a vocational expert is only required when the burden shifts to the Secretary and the claimant has a nonexertional impairment. *Stewart*, 957 F.2d at 586.

 The ALJ has an obligation to fully investigate and make explicit findings concerning the physical demands of Johnston's past relevant work and to compare that with what Johnston is capable of doing before he determines she is able to perform her past work. *Id.* at 1238. The ALJ stated that Johnston testified she could only sit for about one hour before becoming uncomfortable. This conflicts with the requirements of Johnston's past relevant work as a seamstress or top stitcher which require sitting seven to eight hours per day. However, the ALJ explicitly found Johnston's testimony was not credible and he did not include the sitting limitation in his determination of her residual functional capacity. Dr. Carr performed a residual physical functional capacity assessment on Johnston on approximately March 27, 1990, and he did not note any sitting restrictions. The record does not include any reports from Johnston's treating physicians after her back surgery to contradict Dr. Carr's conclusions. As such, we believe substantial evidence supports the ALJ's determinations of Johnston's capabilities to perform past relevant work.

---

2. Johnston raises several other issues in her brief: that the ALJ based his decision on "weak" objective medical evidence; that he failed to consider the combined effect of all Johnston's impairments and her advanced age; and that he did not give sufficient weight to the reports of Johnston's treating physicians. These issues

Johnston filled out a Vocational Report form for each of her former jobs. Based on the requirements that she included in these forms, she still has the ability to work as a seamstress and a top stitcher. Therefore, we agree with the ALJ's finding that Johnston has not met her burden of establishing a disability. Consequently, the burden never shifts to the Secretary to show the existence of alternate work which Johnston is capable of performing and testimony of a vocational expert is not required.[2]

## III. CONCLUSION

For the above reasons, we affirm the decision of the district court.

---

were fully addressed in the magistrate judge's report and recommendation and were adopted by the district court. After a careful review of the record, we conclude no error of fact or law appears with respect to these issues. Accordingly, we affirm the district court as to these issues. *See* 8th Cir.R. 47B.