# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1077

_____

Carolyn M. Wright,                          *
                                            *
            Appellant,                      *
                                            *
      v.                                    *   Appeal from the United States
                                            *   District Court for the
Kenneth S. Apfel, Commissioner              *   Western District of Arkansas.
Social Security Administration,             *
                                            *         [UNPUBLISHED]
            Appellee.                       *

_____

Submitted: September 7, 1999
Filed: September 10, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Carolyn M. Wright appeals the district court's[1] order affirming the denial of disability insurance benefits. We affirm.

At a hearing before an administrative law judge (ALJ), Wright testified that she suffers from foot, ankle, and lower back problems, as well as depression. Following

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

the hearing, the ALJ found that Wright's history of foot and back problems did not establish the existence of a listed impairment, and that the medical evidence did not support a finding of mental disability during the time period of her benefits application. Considering the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ discounted Wright's subjective complaints of disabling pain, finding them inconsistent with her activities, the treatment measures she used, and the objective medical evidence. The ALJ concluded Wright was not disabled and retained the ability to perform sedentary work, although she could not return to her past relevant work.

We conclude that substantial evidence in the record, including the new evidence Wright submitted to the Appeals Council, supports the ALJ's decision. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992). Wright had not sought evaluation or treatment for depression until five years after her insured status expired, and while a psychologist's later diagnosis was relevant, his assessment relating to the insured period was based only on Wright's statement of her symptoms. See Pyland v. Apfel, 149 F.3d 873, 876-77 (8th Cir. 1998) (applicant must establish disability before expiration of insured status; evidence of claimant's later mental disability can be relevant to elucidate earlier condition); 20 C.F.R. § 404.1508 (1999) (mental impairment must be established by medical evidence, not only by claimant's statement of symptoms). The medical evidence and Wright's testimony as to her conservative treatment since 1987 do not substantiate disabling pain. See Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993); Matthews v. Bowen, 879 F.2d 422, 425 (8th Cir. 1989); Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988). The ALJ also properly applied the Medical-Vocational Guidelines, see Johnston v. Shalala, 42 F.3d 448, 452 (8th Cir. 1994); Carlock v. Sullivan, 902 F.2d 1341, 1343 (8th Cir. 1990), and properly determined that Wright retained the residual functional capacity to perform sedentary work, see 20 C.F.R. § 404.1567(a) (defining sedentary work).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.