# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1239EM

_____

Raymond Russell,                                    *
                                                    *
                Appellant,                          *    On Appeal from the United
                                                    *    States District Court
        v.                                          *    for the Eastern District
                                                    *    of Missouri.
Kenneth S. Apfel, Commissioner of                   *
Social Security Administration,                     *    [Not to be Published]
                                                    *
                Appellee.                           *

_____

Submitted:  September 7, 1999

Filed:   September 16, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.


Raymond Russell sought disability insurance benefits and supplemental security income, alleging disability from arthritis in his neck, shoulders, and hands. Russell now appeals the District Court's[1] grant of summary judgment affirming the Commissioner's decision to deny him benefits.

_____

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Having carefully reviewed the record, taking into consideration evidence in the record that supports as well as detracts from the Commissioner's final decision, we conclude the District Court properly granted summary judgment in favor of the Commissioner. See Hutton v. Apfel, 175 F.3d 651, 654 (8th Cir. 1999). We believe the ALJ's findings were in conformity with Polaksi v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). As required, the ALJ expressly discredited Russell's subjective complaints of pain, noting, inter alia, Russell's normal appearance and demeanor at the hearing and interview, his failure consistently to seek medical attention, and his work and earnings record. See Long v. Bowen, 866 F.2d 1066, 1067 (8th Cir. 1989) (ALJ must expressly discredit claimant, giving legally sufficient reasons; observations that claimant demonstrated no evidence of impairment during hearing included as one of legally sufficient reasons); see also Johnston v. Shalala, 42 F.3d 448, 451 (8th Cir. 1994) (failure to seek medical attention is inconsistent with subjective complaints of pain); McClees v. Shalala, 2 F.3d 301, 303 (8th Cir. 1993) (Polaksi supports, indeed compels, consideration of such factors as claimant's prior, spotty work record).

Although the ability to do light household tasks does not necessarily preclude a finding of disability, see Baumgarten v. Chater, 75 F.3d 366, 369 (8th Cir. 1996), Russell's reliance on his daily activities to support his subjective complaints of pain is misplaced. Painting the garage, adjusting the carburetor, and watering outside plants, particularly in light of Russell's claims of carpal tunnel and upper extremity arthritis, are inconsistent with his complaints of disabling upper extremity pain. Cf. Johnston, 42 F.3d at 451 (daily activities of reading, watching TV, driving, gardening, grocery shopping, cooking, washing dishes, and visiting with children are inconsistent with complaints of disabling pain).

We believe that the record supports the ALJ's assessment of Russell's alleged mental impairment, as the ALJ completed a Psychiatric Review Technique Form (PRTF) and specifically addressed Russell's depression, finding it not to be a severe impairment. Russell did not claim depression before the hearing; he saw a psychiatrist

twice within six weeks prior to the hearing, canceling his last appointment; and there was no evidence of further treatment. See Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992) (ALJ properly followed procedure; and despite consulting physician's diagnosis of depression from anxiety, there was substantial evidence to support ALJ's finding that claimant's affective disorder was not severe); see also 20 C.F.R. § 404.1520a(d)(1)(i), (iii) (1998) ("[ALJ] may complete [PRTF] without the assistance of a medical advisor"; "where the issue of a mental impairment arises for the first time at the [ALJ] hearing level, the [ALJ] may decide to remand the case to the State agency for completion of the [PRTF] and a new determination" (emphasis added)).

We do not believe that the consulting physician's opinion was given undue weight. The record shows the ALJ based his findings on all the medical evidence, and the consulting physician's opinion did not conflict with other medical evidence, except that he questioned the previous diagnosis of upper-extremity radiculopathy. Also, later radiology reports were not accompanied by clinical notations evidencing any symptoms or treatment related to these supposedly significant findings. Cf. Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir. 1992) (ALJ erred in relying on consulting physician's opinion to the exclusion of other evidence; opinion of consulting physician who examined claimant once generally does not constitute substantial evidence, particularly when contradicted by other evidence).

Finally, we reject Russell's argument that denying him benefits violates the Americans with Disabilities Act (ADA). See Cleveland v. Policy Management Sys. Corp., 119 S. Ct. 1597, 1601 (1999) (Social Security Act provides monetary benefits to disabled individuals who are insured; ADA prohibits covered employers from discriminating against individuals with disabilities).

Accordingly, we affirm.

-3-

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.