# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3584

_____

David M. Taylor,                              *
                                              *
            Appellant,                        *
                                              *
      v.                                       *  Appeal from the United States
                                              *  District Court for the
Kenneth S. Apfel, Commissioner,               *  Eastern District of Arkansas
Social Security Administration,               *
                                              *      [UNPUBLISHED]
            Appellee.                          *

_____

Submitted:   December 14, 2000

Filed:   January 8, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

      David M. Taylor appeals from the final judgment entered in the District Court[1]
for the Eastern District of Arkansas, granting summary judgment in favor of the Social
Security Commissioner and upholding a partially favorable decision awarding Taylor

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the
Eastern District of Arkansas, to whom the case was referred for final disposition by
consent of the parties pursuant to 28 U.S.C. § 636(c).

supplemental security income as of August 1, 1995. For reversal, Taylor--who was 56 years old when he sought benefits in September 1995 based on multiple sclerosis (MS), ulcerative colitis, and prostate problems--argues the record established he was disabled beginning in 1992. For the reasons discussed below, we affirm the judgment of the district court.

Having carefully reviewed the record and the parties' briefs, we conclude substantial evidence supports the decision of the administrative law judge (ALJ) concerning the onset of Taylor's disability. See Grebenick v. Chater, 121 F.3d 1193, 1197-98 (8th Cir. 1997) (standard of review; appellate court may not reverse merely because substantial evidence would have supported different decision). The record shows Taylor manifested symptoms of MS well before the expiration of his insured status. However, we agree with the Commissioner that the conclusions expressed by Taylor's treating physician--who diagnosed MS shortly after Taylor first sought treatment for MS-related symptoms on August 1, 1995, and who opined that Taylor was permanently disabled at that time--coupled with the anecdotal testimony of Taylor's brother, did not amount to a retrospective diagnosis with corroborating lay testimony suggesting Taylor's symptoms were disabling prior to August 1995. See id. at 1199 ("In a case involving a degenerative disease such as multiple sclerosis, where a claimant does not have contemporaneous objective medical evidence of the onset of the disease, the ALJ must consider all of the evidence on the record as a whole, including the lay evidence and the retrospective conclusions and diagnosis of her doctor."); cf. Jones v. Chater, 65 F.3d 102, 103-04 (8th Cir. 1995) (retrospective medical diagnoses, uncorroborated by contemporaneous medical reports but corroborated by lay evidence relating back to claimed period of disability, can support finding of past impairment; noting three mental health professionals implied claimant was suffering from disorder at time his insured status expired).

In addition, we find no reversible error based on the ALJ's failure to call a medical advisor to testify concerning the onset date, his failure to call a vocational

expert to testify, his credibility findings, or other incidental findings. See Grebenick v. Chater, 121 F.3d at 1199-1201 (discussing SSR 83-20 and holding ALJ's need to call medical advisor turns on whether evidence is ambiguous regarding possibility that onset of disability occurred before expiration of claimant's insured status; reasoned credibility findings will not be disturbed); Johnston v. Shalala, 42 F.3d 448, 452 (8th Cir. 1994) (testimony of vocational expert necessary when claimant satisfies initial burden of showing she is incapable of performing her past relevant work and has nonexertional impairment).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.